UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIE MAYS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00261-CDP |
| | ) | |
| NEW MADRID COUNTY COURT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Willie Mays, Jr. for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.50. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has failed to provide a copy of his certified inmate account statement in support of the instant motion. However, he has stated that he receives $7.50 a month. Based on that assertion, the Court will require plaintiff to pay an initial partial filing fee of $1.50, which is 20 percent of his monthly income of $7.50. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (stating that when a prisoner is unable to provide a certified copy of his prison account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit an updated copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree*

*Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a convicted and sentenced state prisoner currently incarcerated at Farmington Correctional Center in Farmington, Missouri. He has filed this civil action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint names the following defendants: New Madrid County Court; Judge George Underwood; Judge Fred Copeland; Andrew Lawson; and Jeffery Brandon Wood. Defendants Wood and Lawson are sued in their official capacities. (Docket No. 1 at 2-3). Plaintiff does not allege the capacities of the other defendants.

Plaintiff's complaint has been filed on a Court-provided § 1983 form. The "Statement of

Claim" section of the form, where he is directed to provide a statement of facts supporting his claim, has been left entirely blank, except for the word "No." (Docket No. 1 at 3-4). He has also neglected to list his injuries or state the relief he is requesting. (Docket No. 1 at 4-5).

Plaintiff has attached a number of documents to the complaint, which will be treated as part of the pleading. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). The first exhibit is a docket sheet from *State of Missouri v. Willie Mays, Jr.*, 16NM-CR00988-01 (34th Judicial Circuit, New Madrid County). (Docket No. 1-1 at 1). The docket sheet shows that plaintiff was sentenced on two charges on September 15, 2016. He received a sentence of ten years for rape or attempted rape in the first degree, and ten years for assault or attempted assault in the first degree, with the sentences run concurrently. The prosecuting attorney is listed as Andrew Lawson, the defense attorney is listed as Jeffery Brandon Wood, and the presiding judge is listed as Judge Copeland.

The second exhibit is a docket sheet from *Willie Mays v. State of Missouri*, No. 18NM-CV00348 (34th Judicial Circuit, New Madrid County). (Docket No. 1-1 at 3). The docket sheet relates to a motion to vacate, set aside or correct the judgment or sentence filed by plaintiff on May 23, 2018. The docket sheet also indicates that Judge Copeland disqualified himself from plaintiff's case on his own motion, and the case reassigned to a different judge.

The third exhibit consists of two handwritten pages that appear to comprise a narrative of plaintiff's allegations of wrongdoing. (Docket No. 1-1 at 4-5). However, the precise contents of the writing are confusing and difficult to discern. Plaintiff appears to allege that his attorney, who he refers to as "a woman lawyer," was replaced by a male attorney who advised plaintiff that his original attorney had to "go somewhere else." (Docket No. 1-1 at 4). Thereafter, the male attorney asked plaintiff if he would be willing to do ten years, and plaintiff declined. The

attorney visited him in jail and showed him a video, but plaintiff told the attorney that he did not do it, which is apparently a reference to the crimes of which he was charged. Plaintiff also states that he told his probation officer that he did not do it.

Plaintiff asserts that his lawyer put his life in danger. He states that when he went to his "last court" he and his lawyer stood before Judge Copeland. While in court, his lawyer walked away from plaintiff and went to a table. When Judge Copeland was readying to speak, his lawyer came back to where plaintiff was standing, "said something," and then court was over.

Plaintiff further states that when he went to jail in September of 2016, "they" picked him up at work and did not read him his rights until later on. (Docket No. 1-1 at 5). He went to court downstairs before Judge Underwood and people were going over his case. There was talk of letting plaintiff go, but it is unclear the result of this discussion. Plaintiff notes that he had a "woman lawyer" at the time, and was under a $10,000 bond. He also asserts that he had a case somewhere else as well, though he does not elaborate. Plaintiff complains that his case was delayed several times, and that when he went to court, things would get pushed back. He also alleges that his lawyer railroaded him even though the judge was in his favor.

In short, it appears that plaintiff is complaining about his prosecution and conviction in state criminal court, and has named as defendants all the persons who had a role in it, including his attorney, the prosecutor, and the two judges before whom he appeared.

**Discussion**

Plaintiff brings this action against defendants New Madrid County Court, Judge George Underwood, Judge Fred Copeland, Prosecuting Attorney Andrew Lawson, and Public Defender Jeffery Brandon Wood. Having carefully reviewed and liberally construed plaintiff's complaint, and for the reasons discussed below, the Court must dismiss this action pursuant to 28 U.S.C. §

1915(e)(2)(B).

**A. Defendant New Madrid County Court**

Plaintiff's claim against defendant New Madrid County Court must be dismissed because plaintiff has not alleged that his constitutional rights were violated as the result of an unconstitutional policy or custom by New Madrid County, or as the result of the County's deliberately indifferent failure to train.

A local governing body can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). Thus, there are three ways in which plaintiff can potentially prove municipal liability.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, he must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, he must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff's complaint contains no allegations of an unconstitutional policy or custom on the part of New Madrid County. Furthermore, he does not allege that his constitutional rights were violated by New Madrid County's deliberately indifferent failure to train or supervise its employees. As such, he has not stated a municipal liability claim against New Madrid County. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Therefore, plaintiff's claim against defendant New Madrid County must be dismissed.

### B. Defendants Underwood and Copeland

Plaintiff's claims against Judge Underwood and Judge Copeland must be dismissed because they have judicial immunity from § 1983 suit, and because plaintiff has not properly

7

stated an official capacity claim against them.

In general, a judge is immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991). This immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Id*. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice").

While plaintiff's allegations are difficult to interpret, it is clear that he complaining about the actions of Judge Underwood and Judge Copeland during the unfolding of his criminal case. There is no indication within plaintiff's complaint that Judge Underwood or Judge Copeland did anything of a non-judicial nature or acted in the absence of jurisdiction. To the contrary, plaintiff only mentions Judge Underwood and Judge Copeland in the context of appearing before them in their judicial capacities. Thus, defendants Underwood and Copeland have immunity from § 1983 suit.

Even if defendants Underwood and Copeland did not have immunity, plaintiff has not indicated the capacity in which they are sued. If a complaint is silent as to the capacity in which a defendant is sued, the complaint will be construed as including only official capacity claims. *See*

*Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). An official capacity claim against an individual is actually against the governmental entity that employs that person. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). A governmental entity can be sued on the basis of an unconstitutional policy or custom, or on a theory of inadequate training. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018). However, as noted above, plaintiff has not asserted any claims regarding an unconstitutional policy, custom, or failure to train on the part of New Madrid County. Thus, he has not established an official capacity claim.

Moreover, even if the complaint were construed to include individual capacity claims, plaintiff has not specifically alleged that Judge Underwood or Judge Copeland violated his constitutional rights. In a § 1983 case, liability is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). While both judges are listed in the attachment to plaintiff's complaint, plaintiff never indicates the manner in which his rights were violated, or how either defendant was responsible for that violation. Thus, he has not established an individual capacity claim against either Underwood or Copeland.

For these reasons, plaintiff's claims against defendants Underwood and Copeland must be dismissed.

**C. Defendant Lawson**

Plaintiff's claim against defendant Lawson must be dismissed because Lawson has prosecutorial immunity, and because plaintiff has failed to properly assert an official capacity claim against him.

Prosecutors are immune from § 1983 liability so long as the actions complained of appears to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982). *See also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the State in a criminal prosecution. *Id*. On the other hand, a prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id*.

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). This immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Id*. Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013).

Plaintiff does not name defendant Lawson anywhere in the complaint save for the caption. From the docket sheet that plaintiff has attached, it is clear that Lawson was the prosecutor in plaintiff's criminal case. No other facts regarding Lawson's role or performance is provided. Certainly, plaintiff has not alleged that Lawson acted outside the scope of his prosecutorial duties. Therefore, he is immune from § 1983 suit.

Even if prosecutorial immunity did not apply, plaintiff has indicated that he is suing

defendant Lawson in an official capacity only. An official capacity claim against an individual is actually against the governmental entity that employs that person. *See White*, 865 F.3d at 1075. A governmental entity can be sued on the basis of an unconstitutional policy or custom, or on a theory of inadequate training. *See Marsh*, 902 F.3d at 751. As previously noted, plaintiff has not asserted any claims regarding an unconstitutional policy, custom, or failure to train on the part of New Madrid County. Thus, he has not properly stated an official capacity claim.

Furthermore, even if the complaint were to be construed to include an individual capacity claim against defendant Lawson, plaintiff has not indicated how his constitutional rights were violated, or how Lawson is personally responsible for such violation. *See Madewell*, 909 F.2d at 1208 (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the alleged deprivation of rights").

For all these reasons, plaintiff's claim against defendant Lawson must be dismissed.

### D. Defendant Wood

Plaintiff's claim against defendant Wood must be dismissed because a public defender is not suable under § 1983.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016). Specifically, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). For purposes of stating a § 1983 claim, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). *See also*

11

*Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel").

Plaintiff makes various allegations regarding the performance of his defense attorney, all of them vague and conclusory. He states, for instance, that his lawyer put his life in danger, and that his lawyer railroaded him. None of his allegations, however, indicate that defendant Wood was acting in any manner other than in his role as defense counsel. An attorney performing the functions of defense counsel does not act under color of state law for purposes of § 1983. Therefore, plaintiff's claim against defendant Wood must be dismissed.

### E. Plaintiff's Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). This motion will be denied as moot as this action is being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.50 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice

pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 30th day of January, 2019.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE